

# Fourth Court of Appeals
## San Antonio, Texas

March 17, 2014

No. 04-13-00826-CR

Taylor M. **MOSER**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 4960
Honorable N. Keith Williams, Judge Presiding

## O R D E R

The clerk's record was due January 13, 2014, but was not filed. The clerk of this court notified the clerk of the deficiency by letter dated January 27, 2014. *See* TEX. R. APP. P. 37.3(a)(2). The letter advised that if the record had not been filed because appellant failed to pay for the clerk's fee and he is not entitle to appeal without paying the fee, the clerk must file a notification of late record stating such fact within ten days of the date of the letter. Otherwise, the clerk was to file the record within thirty days of the date of the letter. We received no response until March 14, 2014. At that time, the clerk filed a notification of late record stating appellant had not paid for the record and was not entitled to the record without first paying the fee.

Because no clerk's record has been filed and it appears appellant is not entitled to the record without first paying the fee, we **ORDER** this appeal abated and remanded to the trial court. We **ORDER** the trial court to conduct a hearing to determine:

(1) whether appellant desires to prosecute his appeal;

(2) whether appellant is indigent. If appellant is indigent, the trial court must take steps to ensure effective assistance of counsel, including the appointment of counsel, if necessary, and to ensure the clerk's record is filed in this court without payment for same;

(3) if appellant is not indigent, whether appellant has made the necessary arrangements to pay for the clerk's record, and if not, when such payment shall be made; and

(4) whether retained counsel has abandoned the appeal. Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

The trial court may, in its discretion, receive evidence on the first three questions by sworn affidavit from the appellant. The trial court shall, however, order the appellant's counsel to be present at the hearing.

The trial court is further **ordered** to make written findings and conclusions on these issues. The clerk and court reporter are **ordered** to file in this court on or before **April 16, 2014**, (1) a reporter's record of the hearing, and (2) a supplemental clerk's record containing the court's written findings of fact, conclusions of law, and recommendations addressing the above issues.

We **order** the clerk of this court to serve copies of this order on the trial court, all counsel, the district clerk, and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of March, 2014.

_____
Keith E. Hottle
Clerk of Court